EBENEZER STEVENS *vs.* ALBERT EDWARDS & others.

Since *St.* 1844, c. 154, as well as before, an application to a magistrate for the discharge of a poor debtor, committed on *execution*, must be made by the jailer, and not directly by the debtor to the magistrate; or the discharge is void.

DEBT on a jail-bond for the prison limits, given by Edwards, one of the defendants, as principal, and the others as his sureties. Defence, a discharge under Rev. Sts. c. 98, for the relief of poor debtors. At the trial in the court of common pleas, it appeared that a written application was made by said Edwards, who had been committed on execution, to a magistrate, to appoint a time and place for his examination, and

that at such examination the discharge, relied upon as a defence, was granted. The only question raised was upon the validity of this discharge. The plaintiff contended, among other objections not necessary to report, that the discharge was invalid because the application to the magistrate ought to have been made by the jailer, instead of by the debtor; but *Wells*, C. J., ruled otherwise, and the verdict was for the defendants. The plaintiff excepted to such ruling.

*S. G. Nash*, for the plaintiff.

*G. W. Searle*, for the defendants.

BY THE COURT. The exceptions must be sustained, on the ground that notice of the debtor's desire to take the poor debtor's oath must be given by him to the jailer, and by the jailer to the magistrate; as well since the *St.* 1844, *c.* 154, as before; as has been decided in two former cases. *Bruce* v. *Keogh*, 7 Cush. 536; *Proctor* v. *Wood*, Middlesex, 1852. The discharge not being valid, the departure of the debtor beyond the prison limits was a breach of the bond.

*Verdict set aside ; new trial in this court.*